UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael OWENS,

                         Plaintiff,

         -against-

Louis RIVERA, et al.,

                        Defendant.

12-CV-08325 (ALC)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE ANDREW L. CARTER, JR.:**

      The Court has received two letters from defense counsel, dated December 5, 2013, and January 10, 2014, both of which state that the *pro se* plaintiff, Michael Owens, has not participated in and has not responded to any discovery other than executing a medical release form on October 30, 2013. Owens also failed to appear for the Initial Pretrial Conference on September 24, 2013. The Court informed Owens by order dated September 25, 2013 that his failure to prosecute this action could result in dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In its December 6, 2013 order, the Court stated, "If Owens has not complied with his discovery obligations, or even contacted defense counsel, counsel shall notify the Court and I will recommend that this action be dismissed with prejudice for failure to prosecute." Discovery is set to close on January 24 and Owens has not complied with any discovery obligations and has not contacted defense counsel.

### DISCUSSION

      A plaintiff has a general obligation to prosecute his case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). If a plaintiff fails to do so, however, the

Court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." Hill v. City of New York, 10 Civ. 2238 (RJS)(DCF), 2011 WL 2228109, at *3 (S.D.N.Y. June 6, 2011) (adopting recommendation that case be dismissed for failure to prosecute).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, (Fed. R. Civ. P. 41(b)), the Court need not wait for a defendant to file such a motion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Moreover, the Court is not required to provide notice of the dismissal. See Townsend, 2006 WL 572713, at *3. "[S]uch dismissal is largely a matter of the judge's discretion." See id. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the Court may even dismiss an action with prejudice when a plaintiff fails to prosecute his case. See Link, 370 U.S. at 629-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the [C]ourt balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the [C]ourt adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000).

Here, the plaintiff has not complied with any discovery obligations and has not contacted defense counsel, despite the Court's December 6, 2013 order warning that this lack of

participation would result in dismissal for failure to prosecute. This report and recommendation provides the plaintiff further notice and another opportunity to be heard before the District Judge. The defendants will not be prejudiced by a dismissal of the case against it, and the Court has a strong interest in dismissing unprosecuted cases. Because the plaintiff has not responded to or complied with the December 6, 2013 order, and has displayed no interest in pursuing this case, lesser sanctions would not be appropriate.

## CONCLUSION

For these reasons, I recommend that all claims asserted in the complaint be dismissed with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Andrew L. Carter, Jr., at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Carter. The failure to file these timely objections will result in a waiver of

those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      New York, New York
            January 21, 2014


cc:         Michael Owens
            14-16 Mt. Hope Place
            Apt. #4W5
            Bronx, NY 10453